Virginia Tobin *vs.* Peter Tobin.

JULY 26, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a motion to vacate a final decree of divorce on the ground that a reconciliation was effected between the parties before the entry of such decree. The superior court, after a hearing, granted the motion and embodied its decision in a decree. Instead of taking an appeal from that decree, the petitioner has brought the cause here by bill of exceptions.

Respondent did not object to this method of review nor did petitioner object to the respondent's filing a motion within the original divorce cause to vacate the final decree of divorce, rather than an independent petition for such purpose. Nevertheless we think those matters of procedure

are deserving of our attention and we shall consider them later in this opinion. We shall first consider those exceptions which petitioner has briefed and argued.

On December 15, 1942 the superior court granted petitioner an absolute divorce on the ground of extreme cruelty. A final decree of divorce was entered on June 21, 1943. On October 6, 1943 respondent filed, in the superior court, the instant motion which was granted on October 29, 1943 and the decree embodying that decision was entered on November 22, 1943.

Respondent testified at the hearing in the superior court that, at the petitioner's request, he went to her apartment at 75 Hamilton street, Providence, on February 11, 1943 and stayed there four days; that they agreed to live together again; that he brought his clothes to the apartment and lived there continuously until May 5, 1943 and during that time resumed marital relations with his wife. He further testified that he left the apartment on May 5, 1943 as a result of an altercation with petitioner; that he returned on May 10, 1943 but was taken out of the apartment by the police on petitioner's complaint; that on May 11, 1943, as a result of a conference with the captain of police and petitioner's attorney at the police station, he agreed to keep away from her apartment; and that thereafter he never saw petitioner again until the day the instant motion was heard in the superior court.

There was further evidence that respondent gave petitioner his wages while he lived at 75 Hamilton street; that he had sexual intercourse with her about once a week; that his meals at the apartment and the lunches which he took to his work were prepared by her; that she attended to some of his other personal needs; and that he assisted her in caring for their infant child. There was also testimony from a fellow employee of the respondent that he, on two occasions between February 11, 1943 and May 5, 1943, had supper with respondent at 75 Hamilton street and that on each occasion petitioner had prepared the meal. This wit-

ness testified further that from his observation petitioner and respondent appeared to be living there together as husband and wife.

Petitioner testified that this witness had never been in her apartment at 75 Hamilton street. She also testified that she had never resumed sexual intercourse with respondent but that he had tried to force himself upon her and that it was on such an occasion on May 10, 1943, that she called the police and had him taken out of the apartment. She admitted, however, that she had asked respondent to come to her apartment in the first place and that he had lived there for several weeks. But she denied that he lived there for as long a period as from February 11 to May 5, 1943. She testified that she did not give him permission to move into her apartment; that she never agreed to live with him again; and that she never received his wages while he was at her apartment. She admitted, however, that he gave her $25 a week, but she said he was required to do this by order of the court. No one else testified for the petitioner.

The trial justice found from the evidence that there was undoubtedly "a reconciliation between the parties sometime between February 14th and May 6th" and that "marital relations in the usual meaning of that phrase were resumed during that period between the parties." Because of such reconciliation he held, on the authority of *Berger* v. *Berger,* 44 R. I. 295, that the final decree should be vacated.

Petitioner contends that the decision of the trial justice was against the evidence and also that it was against the law. On the first ground she argues that the respondent has failed to prove that a free and voluntary reconciliation had been effected. On the second ground she contends that if the evidence shows that respondent forfeited his right to the condonation or forgiveness upon which the attempted reconciliation was based then her right to a divorce for the past cruelty was revived and the abortive reconciliation was no bar to the entry of a final decree of divorce. In support

of such contention she relies upon *Egidi* v. *Egidi*, 37 R. I. 481, and argues that the instant case is clearly ruled by that case rather than by the *Berger* case upon which the trial justice relied.

After a careful reading of the transcript we are of the opinion that the trial justice was not clearly wrong in his finding of a reconciliation and therefore petitioner's first contention is without merit. The evidence on this issue was conflicting and largely reduced itself to a question of who was the more credible, the petitioner or the respondent. In determining that question, on the record here, the trial justice had the distinct advantage over us of seeing the witnesses in court and the opportunity of observing them while they were testifying. Apparently he believed the respondent rather than the petitioner and he was supported in that view by certain uncontradicted evidence which was in favor of the respondent and raised a presumption that marital relations had been resumed by the parties. The petitioner's evidence was not, in our opinion, such as to rebut that presumption.

The second ground of petitioner's exception to the trial justice's decision presents a much more troublesome question. Under our practice in divorce there is a waiting period of six months after decision on the merits before a final decree of divorce may be entered. While this court has said in *McLaughlin* v. *McLaughlin*, 44 R. I. 429, that the six months waiting period presents a "further opportunity for condonation and reconciliation" it has never heretofore been called upon to decide what effect an abortive reconciliation would have upon the decision on the merits in favor of the petitioner. Petitioner claims that the *Egidi* case is in point, although it is not a case of an attempted reconciliation during the six months waiting period. The *Berger* case does involve a reconciliation during that period and is, therefore, claimed by the respondent to be precisely in point.

The opinion of the court, in each of those cases, contains statements which are of assistance in answering the novel question which is raised here. In the *Berger* case the respondent and not the petitioner was insisting that the final decree should stand notwithstanding the reconciliation, and it was his fraudulent conduct which furnished the basis for petitioner's petition to vacate the decree. Respondent there, by misrepresenting to his wife's attorney that she desired to have the final decree of divorce entered, although the respondent was at that time actually living with her as his wife, obtained the entry of the decree.

This court, in that case, characterized respondent's fraud as "gross and contemptible" and declared that it had been "practiced on the court and the petitioner." The court further observed that even "if the petitioner had desired and authorized her attorney to secure entry of the final decree the court could not have properly entered it, as the resumption of marital relations after the decision and before entry of final decree was a condonation of the offense of the husband." And it added: "As a reconciliation had been effected in this case, it would be a fraud upon the court for either party to procure the entry of final decree." That statement is relied upon by respondent in the case at bar as supporting his contention that the trial justice's finding of a reconciliation required that his motion to vacate the final decree of divorce be granted.

In *Egidi* v. *Egidi, supra,* the petitioner, after signing the petition for divorce, lived with her husband for three days and gave as a reason, "to see whether he would be good or not" and that she "thought he probably would be all right." Thereafter he continued to slap her and she again left him before the citation was served on him. On those facts, this court held that assuming there had been condonation by the petitioner it failed as a defense to the petition because the parties had not lived together since the last act of cruelty. The court said that because of such act the petitioner "was then free to begin proceedings for di-

vorce on the ground of extreme cruelty and to prove in support thereof any such acts prior to the filing of her petition." The court went on and asked itself the question whether the original petition for divorce was "in effect abated by anything which was shown to have occurred after its signing." It answered that question in the negative.

From the court's discussion, in that case, of the authorities, it is clear that it rejected the view, apparently held by some courts, that condonation necessarily put an end to the pending proceeding for divorce notwithstanding the repetition by the guilty party of his misconduct which had been conditionally forgiven. It is equally clear that the court adopted the contrary view that such repetition of misconduct revived the previous misconduct as a ground for divorce and that condonation in such circumstances did not divest the court of jurisdiction of the original petition for divorce.

We are of the opinion that the reasoning underlying the decisions in those cases is sound, and that the view taken by the court in the *Berger* case is not inconsistent with that previously taken in the *Egidi* case. We adopt the view of the *Berger* case, that it is a fraud upon the court for a petitioner to have the court enter a final decree of divorce without divulging to the court that, after the decision on the merits, a reconciliation had been temporarily effected. But this is not to say that a temporary reconciliation and condonation would abate the divorce proceeding and preclude the petitioner from showing that, while she had condoned respondent's misconduct, upon which the petition was granted, the reconciliation, by reason of a resumption of such misconduct, had proved abortive. In other words, we also adopt the principle of the *Egidi* case that such temporary condonation, even though after a decision on the merits and before final decree, does not divest the court of jurisdiction of the original petition for divorce. Rather. it merely suspends jurisdiction to enter a final decree on such decision until petitioner shows, if she can, that her

conditional forgiveness of the respondent has been forfeited by his later misconduct.

Under this view, however, a petitioner cannot be her own judge of such forfeiture and, without acquainting the superior court of the attempted reconciliation, procure the entry of a final decree of divorce. If she claims that the reconciliation was rendered abortive by a resumption of misconduct by the respondent, she should make a disclosure of such claim in her motion for entry of final decree, so that the court may determine whether condonation has in fact been forfeited by the respondent.

In the instant case the petitioner failed to do this. She *decided* that respondent had forfeited condonation and concealed from the superior court that there had been an attempted reconciliation. She thereby committed a fraud upon the court, although not fraud of the reprehensible nature of that so roundly condemned in the *Berger* case. The trial justice, therefore, did not err in vacating the decree, as the petitioner was not, under the circumstances, entitled to have such decree stand as of the date of its entry. However, we think she is entitled to have the issue of the forfeiture of the condonation judicially determined, if she presents it in the proper manner. And if she sustains the burden of proving such forfeiture, she will have a right to have a final decree of divorce entered thereafter on the decision that was rendered on the merits of her original petition. Petitioner's exception to the trial justice's decision is overruled but without prejudice to her right to move for entry of final decree in the manner above stated.

Petitioner has briefed and argued only one of her other exceptions. It relates to a matter of evidence which petitioner sought to have admitted during her cross-examination of the respondent, but which was denied admission at that time. However, such evidence was later admitted during her examination as a witness. That was the proper time for it to be admitted, as it concerned a matter involved in her affirmative defense that respondent had forfeited con-

donation. However, on the view which we have taken of petitioner's first exception, it becomes immaterial whether or not there was error in the trial justice's exclusion of this evidence. The petitioner will have another opportunity to present such evidence if she desires to avail herself of it. Her exception is, therefore, overruled.

We now come to the two questions of procedure which we mentioned earlier and which we shall now consider before concluding this opinion. The instant motion is not the proper mode of invoking the superior court's jurisdiction to vacate a final decree of divorce. Such a proceeding is clearly independent of the divorce proceeding. It is not an incident of that proceeding but rather a direct attack upon the integrity of the final decree which concluded it. For this reason a motion to vacate that decree filed within the divorce proceeding is illogical and improper.

In *Berger* v. *Berger, supra,* this court said: "The petition to vacate a final decree in divorce is an independent petition and in effect is a new proceeding." And in *Johnston* v. *Johnston,* 37 R. I. 362, it was stated that such a petition should not be filed and numbered as if it were a part of the divorce case, as it is in the nature of a new action. Sometime later, when such a petition was filed in another original divorce proceeding, this court again stated that "it should have been filed and docketed as an independent petition." *Brodeur* v. *Brodeur,* 53 R. I. 450.

In *De Robbio* v. *De Robbio,* 65 R. I. 188, an independent petition and not a motion within the divorce proceeding was filed to vacate an interlocutory decree and also a final decree. However, in *Harrington* v. *Harrington,* 66 R. I. 363, action was taken by motion but this was to vacate merely a decision and not a final decree. Such action, moreover, was consistent with what this court, at page 370 of the *Johnston* case, stated, after citing certain cases, was proper; *viz.*: "It would seem that petitions or motions, of the character referred to in the cases above cited, filed within the period of six months after decision and before final decree,

while the divorce case is still pending, are properly filed as incidental to and a part of the pending case; and that petitions filed after final decree for the purpose of vacating the decree should be treated as independent petitions . . . ." In the interest of orderly procedure the superior court ought to insist that the correct practice be followed; and the practice above outlined is the only one which has been sanctioned by this court. Any other practice has been merely tolerated.

We now come to the method of review which was adopted by the petitioner to bring this case here. Notwithstanding the fact that the respondent has neither moved to dismiss nor raised any other objection to the petitioner's bill of exceptions, we must notice the matter because there is involved a question of jurisdiction. If a cause in divorce is not properly brought here we are without jurisdiction to review it. *Sullivan* v. *Sullivan,* 68 R. I. 28. It is important, therefore, that there should be no doubt as to what is the correct method of review. A few years ago this question was specifically presented to us on a motion to dismiss a bill of exceptions and rather than finally decide the question then, we denied the motion to dismiss "for the present, but without prejudice to its reconsideration when the case is heard by us on the merits of the bill of exceptions." *Manekofsky* v. *Manekofsky,* 60 R. I. 179. Our reason for that qualified denial of the motion is obvious from our comment in that opinion on the evident conflict of the precedents that were cited to us.

Because of that conflict and because of the fact that the *Manekofsky* case has never since been argued to us on its merits, there remains real doubt as to whether an appeal or a bill of exceptions is the proper method by which to bring to this court for review a decision of the superior court on a petition to vacate a final decree of divorce. We think that doubt ought to be dispelled now. The bar is entitled to know definitely what is the correct procedure.

In *Johnston* v. *Johnston, supra,* this court held that a bill of exceptions was the proper procedure. And this holding was relied on in *Berger* v. *Berger, supra.* However, several years later in *McGraw* v. *McGraw,* 48 R. I. 426, it was squarely decided that the correct procedure was by appeal. In that case the appealing party, being in doubt as to the correct procedure, appealed and also prosecuted a bill of exceptions. The court cited *Ward* v. *Ward,* 48 R. I. 60, in support of its decision that appeal was the correct procedure. In that case the court had discussed the reasons for the two methods of review under our practice in divorce and pointed out that where the superior court must embody its decision in a decree in order to give it effect, a review of the action of that court by this court was by appeal from such decree "and not by a bill of exceptions." And it thereupon formally dismissed the bill of exceptions.

In *Sherman* v. *Sherman,* 178 A. 462, we dismissed a bill of exceptions because it was not the proper method to bring to this court for review a decision of the superior court denying a motion for additional counsel fees, after that court had entered its decision on the original petition for divorce. In such a case we said that it was clearly established that the later decision was "properly reviewable in this court by appeal only and not by bill of exceptions." However, it was suggested in the opinion in the *Manekofsky* case that there was a distinction between the decision of the superior court then before this court for review and the decision in the *Sherman* case, but since, in the *Manekofsky* case we expressly left open, for further consideration, the motion to dismiss the bill of exceptions, such suggestion must be deemed to be no more than *dictum.*

After a careful examination of the cases, we are of the opinion that *McGraw* v. *McGraw, supra,* states the correct rule and that the *Johnston* case and cases following it should, on this point, be overruled. In the *Johnston* case this court, apparently by assuming that the reasoning of *Thrift* v. *Thrift,* 30 R. I. 357, absolutely controlled the de-

termination of the question before it, held that a petition to vacate a final decree of divorce was a civil action within the meaning of G. L. 1909, chap. 298, sec. 8, now, as amended, G. L. 1938, chap. 542, §1, and that, therefore, a decision denying it was reviewable by bill of exceptions. But the court seems to have overlooked the necessity which forced the decision in the *Thrift* case. The problem there was whether there could be any review of a decision granting a divorce, in view of the fact that the statute provided that proceedings in divorce should follow the course of equity and that the court had previously decided in *Fidler* v. *Fidler*, 28 R. I. 102, that there was no appeal from a final decree of divorce. To avoid this impasse the court held that a petition for divorce was a civil action within the meaning of the above-cited statute and that a decision granting or denying a divorce was subject to exception and reviewable in this court by bill of exceptions. This was obviously an expedient to meet an awkward situation resulting from the rule that only final decrees are appealable in equity and from the peculiar nature of the effect of a final decree of divorce which had compelled the court to hold in the *Fidler* case that no appeal from such a decree was allowable. The *Thrift* case has definitely settled the correct procedure for review of decisions granting or denying divorce, but it has not been extended to cover situations where there is no obstacle to a review by appeal according to the course of equity. In such situations this court has repeatedly held that an appeal is the proper remedy. For a collection of some of the cases so holding see *Sullivan* v. *Sullivan, supra,* and also *Sherman* v. *Sherman, supra.*

Whether the decision is one relating to alimony and counsel fees as in the *Sherman* case or one, as in the instant case, relating to setting aside a final decree of divorce, is of no importance in determining the proper method of review. The important question is this,—does the decision become final with the entry of a decree? If so, the result is that, except in the granting or denial of the petition for

divorce itself, review must follow the course of equity, as expressly provided by statute, which is by appeal from the entry of the decree. The reason for this rule was tersely but well stated by this court in *Smith* v. *Smith,* 50 R. I. 278, as follows: "Appeal is the correct procedure. In an action of this nature a decree should be entered whenever one is in order. If the decision embodied in the decree is to be reviewed an appeal must be taken from the decree." Only where a decree is entered as a result of a decision in which a divorce is granted and alimony is awarded at the same time may a bill of exceptions bring up for review the decree as well as the decision. *Sullivan* v. *Sullivan, supra.*

Hereafter the decision of the superior court on a petition to vacate a final decree of divorce will be reviewed here by appeal from the decree embodying that decision and not by bill of exceptions. Since there has been heretofore much doubt as to the correct appellate procedure in a case of this kind, it would be unjust to penalize the petitioner here for pursuing the wrong remedy. Moreover, in the case at bar we can more readily overlook the question of appellate jurisdiction since it is possible to do so without prejudice to the respondent.

Petitioner's exceptions which were neither briefed nor argued are deemed to be waived, her other exceptions are overruled, and the cause is remanded to the superior court for further proceedings, but without prejudice to petitioner to have judicially determined the issue of respondent's forfeiture of her conditional forgiveness.

*Aram A. Arabian, Joseph Mainelli,* for petitioner.

*Alfred J. Curry, William E. Walsh, Curry & Walsh,* for respondent.