IRENE SLATER *vs.* HARVEY SLATER.

DECEMBER 31, 1948.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for divorce in which the petitioner, on July 17, 1946, obtained a final decree of di-

vorce giving her custody of her two minor children and an allowance of $12.50 a week for their support. Thereafter, on August 22, 1947, she filed in the superior court a motion to adjudge respondent in contempt for failing to comply with that part of the decree which provided for such allowance. In accordance with the practice of the superior court in matters which arise after the entry of the final decree of divorce, petitioner gave notice of the filing of such motion and hearing thereon to the respondent personally, and not to the solicitor who represented him in the divorce proceedings. However, at the hearing on the motion on August 27, 1947 respondent was represented by the same solicitor.

At the conclusion of that hearing the trial justice found from the bench that petitioner had failed to show that respondent should be adjudged in contempt, but he suggested that she should ask leave of the court to file a motion to amend the final decree as to the amount of the allowance. Thereupon petitioner asked such leave "to file forthwith" and it was granted. The transcript does not show that any other action was taken before the trial justice on that day. Later in the day, however, petitioner filed her motion to amend and served a copy of it and notice of hearing upon the solicitor who had represented the respondent, but not upon the respondent personally as was done in the matter of her motion to adjudge him in contempt.

On August 29, 1947 when the motion to amend the final decree was called for hearing respondent was not present. The solicitor, however, addressed the court and stated that he was there in his own proper person merely to protect himself since he and not the respondent had been personally served. He further stated that the notice of such motion had not been served within sixty hours as required by rule of court. He accordingly objected to a hearing on the motion and insisted that if it were held it would be a nullity as to the respondent. Nevertheless

the trial justice ordered the hearing to proceed and petitioner presented her evidence. Apparently the hearing proceeded *ex parte,* as the solicitor who had represented respondent took no part in it after making his statement and objection except to repeat such objection at its conclusion.

Petitioner testified at the hearing as to her need for a larger allowance in order to care for the children. She presented no evidence as to the financial ability of the respondent to pay an increased allowance, but the trial justice found that respondent had such ability, since it appeared at the prior hearing on August 27, 1947 that he had been voluntarily paying $2.50 a week more than the court had originally ordered him to pay. Pursuant to that finding the trial justice thereupon increased the allowance to $20 a week, which was the amount petitioner had testified she needed to care for the children properly. A decree amending the final decree to that effect was accordingly entered, and from that decree respondent has appealed to this court.

Respondent contends here that such proceedings were a nullity as to him and that he is not bound by the amended decree because he was without legal notice of the motion to amend and the date of the hearing ordered thereon. Petitioner contends that since leave to file the motion to amend forthwith was granted in open court at the prior hearing on August 27, 1947 in the presence of respondent and his solicitor, there was good and sufficient notice to respondent and it was his fault that his interest was not represented at the hearing on August 29, 1947. She also relies upon the fact that a copy of the motion was served upon respondent's solicitor on the same day that leave of court was granted to file it forthwith.

It is obvious that an awkward situation has been created by this departure from the practice required by the prescribed rule of practice of the superior court. Clearly respondent was entitled under the rule to have served upon

him personally any papers initiating any new proceeding after the entry of final decree. It cannot be assumed that his solicitor in the divorce proceedings prior to the entry of that decree still represented him and petitioner did not assume it when she moved originally to adjudge him in contempt. On the contrary she was quite careful then to have her motion served personally upon respondent. The fact that he thereupon retained the same solicitor to defend that motion did not necessarily confer upon such solicitor authority to act for him in any other independent matter that might thereafter be brought to the attention of the court.

When the motion to adjudge him in contempt was denied, respondent was no longer before the court. The granting of leave in open court thereafter to petitioner to file a motion to amend accomplished nothing in the way of retaining jurisdiction over respondent's person. That motion was definitely a new and independent matter which raised a fundamentally different issue from the motion to adjudge him in contempt. In fact petitioner did not need leave of court to file it. Moreover, everything that occurred at the prior hearing after the trial justice found respondent was not in contempt was *coram non judice*. With that finding the court's jurisdiction over the person of respondent ceased.

Upon the filing by petitioner of an entirely new proceeding, namely, the motion to amend the final decree, it was her obligation, in the absence of waiver by the respondent, to serve him with notice as she had done when she initiated the contempt proceeding. Since she did not do this and there was no waiver of his rights in the matter by respondent, the proceedings of August 29, 1947 were a nullity as to him. The fact that the solicitor appeared at that hearing cannot prejudice respondent's claim as his appearance was personal and solely to object to the proceedings going forward based on any responsibility on his part to represent the respondent. In any event the mere presence of the solicitor in the circumstances could not affect re-

spondent's rights unless it could be shown that he authorized such appearance. There is no suggestion in the record that he did so.

Upon consideration of all the circumstances, therefore, we are of the opinion that the trial justice erred in hearing the motion to amend the final decree in the absence of the respondent.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for petitioner.

*Francis J. O'Brien,* for respondent.