LUCILLE B. HACKING *vs.* ALBERT E. HACKING, JR.

JUNE 29, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a divorce proceeding in which a final decree was entered in the superior court on November 8, 1946. Thereafter on November 8, 1950 petitioner filed within such proceeding a petition to modify that decree and to adjudge respondent in contempt for neglect to comply with its terms providing a weekly allowance of $10 for the support of a minor child. When the petition was called for hearing in the superior court the trial justice ordered it stricken, apparently on the ground that it was improperly filed within the divorce proceeding whereas,

in his opinion, it should have been filed as a separate and independent petition. From such order petitioner has appealed to this court.

The trial justice appears to have founded his ruling upon certain language in the opinion of this court in *Tobin* v. *Tobin,* 70 R. I. 362, and has construed it to mean that all matters which may be brought to the attention of the superior court after the entry of a final decree in a divorce proceeding should be by a separate and independent petition outside of such proceeding. This is a clear misconception of the opinion in that case. There we were considering a motion to *vacate* the final decree of divorce, not to modify it, which motion had been filed within the divorce proceeding.

In discussing the question whether that was a proper filing in the case we were careful to confine our language to the matter before us, namely, a motion or petition to *vacate* the final decree of divorce and nothing else. Thus at the very threshold of our discussion of the point at issue we limited such language as follows at page 369: "The instant motion is not the proper mode of invoking the superior court's jurisdiction to *vacate* a final decree of divorce. *Such a proceeding* is clearly independent of the divorce proceeding. It is not an *incident* of that proceeding but rather a *direct attack* upon the integrity of the final decree which concluded it." (italics supplied) Moreover our references to and quotations from the precedents which we cited in support of our position immediately after making the above statement emphasized that we were speaking only of a proceeding to vacate a final decree of divorce.

There is nothing in that opinion which alters in any manner the long-established practice in this state of filing within the divorce proceeding motions or petitions to *modify* a final decree with reference to such matters as continue within the control of the court. And we may say here that to seek a modification of such a decree is not the same as

seeking to vacate the divorce itself. One is an incident of the original proceeding; the other is an attack upon the validity of the final decree therein. A petition for modification, of course, from its very nature cannot apply to the divorce itself but can apply only to such parts of the decree as are incidental to the divorce, such as custody of children, allowance for their support, alimony and other similar matters. It is because such matters are always subject to the control of the superior court, whether contained in an interlocutory or a final decree, that the most appropriate and practicable manner of seeking their modification is by a motion within the original divorce proceeding. *Reynolds* v. *Reynolds,* 53 R. I. 326.

However, respondent has called to our attention the following language in our opinion in *Damm* v. *Damm,* 77 R. I. 24. "While the motion does not seek to vacate the final decree *in toto,* it nevertheless requested a complete change of custody and a substantial reduction in allowances. In the circumstances we find no sufficient reason to treat it differently from similar proceedings which have been held to be new and independent of the divorce action and which therefore should have been initiated, numbered and docketed as such in the superior court. On that view we are of the opinion that the instant case is not distinguishable from *Slater* v. *Slater,* 75 R. I. 19, as the husband contends, but is governed in principle thereby." From this he argues that modification of a decree is a vacating thereof at least in part and hence reasonably falls within the purview of what we said in *Tobin* v. *Tobin, supra.*

We think respondent claims too much from such expression. In the first place it should be pointed out that in the *Damm* case this court was not considering the same question that is at issue in the case at bar. There the sole question was whether the solicitor of record for the respondent in the original divorce proceeding continued to be his solicitor after entry of the final decree so that

notice to him of motions arising thereafter would be notice to respondent. In that respect the point at issue was identical with that previously decided in *Slater* v. *Slater,* 75 R. I. 19, and we expressly said so.

In that case the ground of our decision was that after entry of a final decree the relation of solicitor and client was at an end as far as any subsequent proceeding by the petitioner was concerned, regardless of whether it was begun within or without the original divorce proceeding. We said in that opinion at page 22: "It cannot be assumed that his solicitor in the divorce proceedings prior to the entry of that decree still represented him and petitioner did not assume it when she moved originally to adjudge him in contempt." Later when we spoke therein of the motion to amend the decree and stated that such motion was a new and independent matter, it is quite clear from the context that we were merely pointing out the difference between the motion to adjudge in contempt and the motion to amend the decree, notice of which latter motion was given to the solicitor who had appeared for respondent only in the contempt proceeding.

A careful reading of the *Damm* case in connection with the *Slater* case will, we think, clearly demonstrate that neither case is like the *Tobin* case or any of the precedents which we cited therein. Any language in the *Damm* case, therefore, which may seem to indicate otherwise should be read in the light of the above explanation. Incidentally in that case and in the *Slater* case the motion to modify was filed within the divorce proceeding and no question was raised by either court or counsel that it was improper. Clearly it was not improper in that case or in the case at bar. In deciding to the contrary here the trial justice erred and his order striking petitioner's petition must be reversed.

The petitioner's appeal is sustained, the order appealed

from is reversed, and the cause is remanded to the superior court for further proceedings.

*William M. Mackenzie,* for petitioner.

*Charles A. Kiernan,* for respondent.