Sullivan,  }
Dec. 4, 1917. }

### BENJAMIN E. WARNER v. LYMAN B. EATON.

A tenant in common does not lose his title because of his failure to assert it while the grantee of a portion of the premises from his co-tenant makes improvements thereon; the deed of one co-tenant is valid against his tenants in common, upon partition, so far as the land conveyed or some portion of it is not equitably required to give them their just share in the whole.

Where one tenant in common, supposing himself to be legally entitled to the whole premises, has made improvements thereon, he will be entitled to an equitable partition so as to give him the benefit thereof.

PETITION, for partition of a tract of land of which the plaintiff owns 7/32 and the defendant 25/32. Facts found by a master. August 29, 1908, Mrs. Frances W. Harris, the plaintiff's mother, owned 25/32 of a homestead in Charlestown Village and held a life lease of 7/32 of the same, which the plaintiff owned. On that date she conveyed to the defendant and Helen M. Robertson, by warranty deed, a portion of this homestead. The tract thereby conveyed is the land of which partition is asked. The defendant acquired Mrs. Robertson's interest in 1909. At the time of Mrs. Harris' deed the defendant and his co-grantee supposed and believed that Mrs. Harris was the sole owner and that they obtained complete title by her deed. They soon erected upon the lot purchased of Mrs. Harris a building which cost $5,000 in addition to $500 paid for the land. The land and building together are now worth from $4,000 to $4,500. While the building was being constructed the defendant ascertained the state of the title from an examination of the records in the register's office. The plaintiff did not know of the deed given by Mrs. Harris before it was given but was soon afterwards informed of it and of the defendant's claim of ownership and of the improvements being made. The plaintiff consulted counsel as soon as he heard the lot had been conveyed but made no claim to the defendant until a year after the completion of the building. The plaintiff supposed that the defendant considered himself the owner of the premises, and his silence misled the defendant and induced him to continue the improvement of the property. The plaintiff's chief reason for failing to claim an interest in the land was his expectation that he would, after the death of his mother, obtain some interest in the improvements without payment therefor. The report of the

master was affirmed by *Chamberlin*, C. J., who transferred from the May term, 1917, of the superior court the question whether upon the facts found the plaintiff is entitled to partition.

*Jesse M. Barton* (by brief and orally), for the plaintiff.

*Hurd & Kinney* (*Mr. Hurd* orally), for the defendant.

PARSONS, C. J. The plaintiff has not lost his title to 7/32 of the homestead which he owned in common with his mother at the date of her conveyance of a parcel thereof to the defendant because of his failure to assert his title while the defendant improved the property. *Clark* v. *Parsons*, 69 N. H. 147. But her deed of the whole of a distinct parcel of the common property is good to the extent of her interest. P. S., c. 137, s. 18. Her deed is also valid against the plaintiff in partition unless the land conveyed or some portion of it is equitably required to give him his just share in the whole. *Horner* v. *Reynolds*, 76 N. H. 259; *Clark* v. *Parsons*, 69 N. H. 147, 157; *Holbrook* v. *Bowman*, 62 N. H. 313, 321. Except in such contingency, her deed is a partition of the premises. *Pickering* v. *Moore*, 67 N. H. 533, 536; *Gage* v. *Gage*, 66 N. H. 282, 288. It does not appear that, upon a partition of the whole estate, plaintiff's just share cannot be set off to him or equitably satisfied without interference with the small parcel which the defendant holds under deed from the plaintiff's co-tenant. The fact is not found, but the inference from the facts stated is that this can easily be done. Until it is found that this cannot be done the defendant has a good title against the plaintiff.

It was suggested in argument that such course is now prevented by legal proceedings that have been had. If with notice to, or assent by, the defendant, so that he is now bound, the rights of others have so attached to the balance of the homestead that the defendant may not now insist upon the allotment of the plaintiff's share out of that part of the property either by new proceedings or the bringing forward of any that may have been had and the entry of a correct judgment therein, the plaintiff may be entitled to share in the tract conveyed by his mother.

Should such partition become necessary, the plaintiff will, upon partition, be entitled to 7/32 of the land and the defendant to 25/32 of the land and the buildings. The plaintiff's expectation that by silence he could in a division of the property obtain part of the de-

fendant's property without paying for it must have been formed in ignorance of the equitable principles upon which partition proceeds both under the statute and in equity. *Hale* v. *Jaques*, 69 N. H. 411.

"Where one tenant in common, supposing himself to be legally entitled to the whole premises, has erected valuable buildings thereon, he will be entitled to an equitable partition of the premises, so as to give him the benefit of his improvements; or if that cannot be done, he will be entitled to a compensation for those improvements." 1 Story Eq. Jur., *s.* 655. This may be the rule even when one co-tenant is ignorant of the improvements made by the other who is also aware of the nature of his own title (*Leavitt* v. *Locke*, 68 N. H. 17; *Ford* v. *Knapp*, 102 N. Y. 135, 140; *Crafts* v. *Crafts*, 13 Gray, 360) and must be so generally for the division to be made is an equitable one, and it is not generally equitable to permit one man's property to be transferred to another without payment of some kind. Under the statute, if 7/32 of the land cannot equitably be assigned the plaintiff without serious inconvenience to the occupation by the defendant of the remainder with his building and the parties do not assent to the assignment of the whole to one, with equalization by payment (P. S., *c.* 243, *ss.* 24, 25), the property may be sold under the order of the court and the proceeds divided by giving 7/32 of the value of the land without the improvements to the plaintiff and the balance to the defendant or such other division made as may be found equitable upon the facts proved. P. S., *c.* 243, *s.* 26.

As the case now stands, the plaintiff has not shown himself entitled to partition although he may be able to do so.

*Case discharged.*

All concurred.