RUTH E. TUTTLE *vs.* WILLIAM E. TUTTLE.

NOVEMBER 14, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a wife's petition for divorce from bed and board which was granted in March 1948. At that time the custody of the two minor children of the parties who were then thirteen and fifteen years old respectively was given to the wife, and she was awarded $70 twice each month for the support of herself and the children. The respondent did not contest the petition. The petitioner testified that he was paying her $70 twice each month and a decree containing this provision was entered.

In October 1956, some time after both children had reached their majority, respondent filed a motion to reduce the payments. Thereupon petitioner filed a motion to increase them. The motions were heard together, and respondent's motion was granted by reducing his payments to $35 every two weeks, which amounts to almost $76 a month. The petitioner's motion was denied, and from the entry of a decree granting such reduction she has appealed to this court.

With the coming of age of the children, respondent had a right to have the alimony, or more properly called here her separate support, fixed in the light of the conditions at that time. The petitioner's testimony shows that she maintains a home in which she lives with a brother, her son, who became of age the March before the hearing and who is a carpenter's helper, and her daughter, who was twenty-three years old at the time of the hearing. The daughter is employed at the naval base. She is married to a member of the air force and their child lives with her.

The petitioner also testified that the rent and other household expenses for this group were $230 and her counsel admits that if this was equally divided among the four adults his client's share would be $57.50. If there is added to this figure her personal expenses, which she stated

amounted to $24.34, we have a round figure of $82. This figure is $58 less than the amount of $140 which she was trying to increase. Obviously, there is no merit in her claim that the court erred in denying her motion for an increase.

Under the new decree ordering payments of approximately $76 a month there is, however, a small deficit of $6. The testimony shows that the brother is contributing $15 a week while the children are contributing only $10. It thus appears that petitioner is not even collecting from the children their share of the household expenses of $57.50 a month. The respondent is liable in no degree for the support of the children. If petitioner only made them pay their share of the household expenses, namely, $57.50, there would be no deficit. In the circumstances we cannot say that the trial justice was clearly wrong in fixing the amount of the petitioner's alimony or support at $35 every two weeks.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Vernon A. Harvey,* for petitioner.

*Macioci & Morrison, Ralph D. Morrison,* for respondent.