MADILYNE KLIMASEWSKI *vs.* WALTER JOHN KLIMASEWSKI.

JULY 14, 1960.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

Powers, J. This is a divorce case in which the petitioner filed a motion to adjudge the respondent in contempt for failure to pay for the support of the minor children of the parties in accordance with the terms of the final decree. The cause was heard in the superior court before a justice thereof and resulted in a decision for the petitioner adjudging the respondent in contempt and making provisions whereby he might purge himself. Following the entry of a decree pursuant to the decision, the respondent claimed an appeal to this court.

It appears from the record that by a final decree of divorce entered in the superior court on September 4, 1946, petitioner was awarded the custody of the five minor children of the parties and an allowance of $25 weekly for their support. The decree separately awarded the sum of $5 weekly to petitioner as alimony, but save for the inference which might be drawn from the manner in which the awards were separated, the allowance of alimony is not an issue herein.

The record further establishes that from the entry of the decree until sometime in July 1956, respondent apparently complied with the decree in all particulars, but beginning on July 8, 1956 and continuously thereafter, on his own authority he reduced the payments for the support of the children by the sum of $5 weekly for each child who, without the order of the court, left the custody of the mother to live with the father. At one time or another all the children except one left petitioner to reside with respondent, and although the transcript discloses the exact dates as to

when each of the four children was residing with respondent and the period of time of such residence, it is sufficient to note that the amount withheld by respondent was found by the trial justice to be a total of $2,810. It appears from the record that petitioner sent two of the children to live with their father, but it is not clear whether the others left with the consent of petitioner.

The trial justice permitted testimony by respondent and his witnesses to the effect that while the children were living with respondent he gave them pocket money, purchased clothing, paid certain medical expenses, and also provided food and shelter. However, he allowed this testimony only for the purpose of showing that the conduct of respondent did not amount to willful contempt and refused to credit him with such expenditures on that issue. He found that respondent was in contempt of the 1946 decree in the sum of $2,810 and permitted him to purge himself thereof by making future weekly payments of $15 until the sum was paid.

In his appeal respondent sets forth the usual reasons, namely, that the decree is against the law, against the evidence and the weight thereof and against the law, the evidence and the weight thereof. He also argues that "The decision of the Court and the decree entered on November 16, 1959 fail to do justice between the parties in that petitioner is unjustly enriched at the expense of respondent by the Court's refusal to credit respondent with the divers sums of money expended by him for support of his children while said children were living with him at the request of or with the knowledge and consent of petitioner."

The respondent concedes that the trial justice was without authority to modify retroactively the decree of September 4, 1946. *Ciallella* v. *Ciallella*, 81 R. I. 320. He contends, however, that crediting respondent with sums expended by him for the support of the children during such periods of time as they were in his custody with the knowl-

edge and presumably the consent of petitioner does not constitute retroactive modification and thus distinguishes the instant case from the rule laid down in the *Ciallella* case.

He argues that the allowance for the support of the children having been made the subject of a separate award from that of alimony for his wife, contrary to the circumstances existing in *Ciallella* v. *Ciallella, supra,* it is reasonable to assume that the trial justice intended a pro rata award of $5 for each of the children, and further that when one or more of the children were residing with respondent and the latter provided support directly for said child or children, such support was a compliance in spirit with the terms of the decree. The distinction urged is more apparent than real.

The order of $25 was not apportionate by its terms but provided, "That said respondent, Walter John Klimasewski, pay to the petitioner the sum of Twenty Five ($25.00) Dollars per week for the support and maintenance of the minor children, the first payment to be made on Sept. 4, 1946, and said payments to be payable each and every week thereafter *until further order of this Court.*" (italics ours)

The reasoning in *Ciallella* v. *Ciallella, supra,* is applicable here. The trial justice in his decision indicated that an award of $25 for five children in 1946 may well have been determined by the superior court ten years later to be insufficient for the support of those remaining with the mother, and thus crediting respondent in the instant case would be equivalent to a retroactive modification.

The award of the court was tantamount to a judgment, *Gilbert* v. *Hayward,* 37 R. I. 303, and the instant proceeding is a statutory remedy to enforce this judgment. General laws 1956, §15-5-16. We are of the opinion that the provisions of this statute do not permit a trial justice to credit a respondent adjudged in contempt with support for the minor children in some manner not set forth in the decree, and thereby accomplish by indirection what we have

held it cannot effect directly, namely, retroactive modification. *Gilbert* v. *Hayward, supra.* The statute cited provides the manner in which relief may be accorded by the trial justice to the respondent here and no alternative mode is within his jurisdiction.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Abedon, Michaelson & Stanzler, Seymour Posner,* for respondent.