Rockingham
No. 7065

THEODORE ROXBURY, JR.

v.

WESLEY L. WILLEY & *a.*

January 31, 1976

*Shaw & Robertson* and *Brian G. Doherty (Mr. Robert Shaw* orally) for the plaintiff.

*Shute, Engel & Frasier* and *Robert L. Steuk (Mr. Steuk* orally) for the defendant.

PER CURIAM. The issue in this petition for partition is whether there was evidence to support the award of $13,000 for the fair value of improvements made on the common property by the defendants. We hold there was not.

Defendants Willey for two years prior to 1961 had occupied one

of three buildings on the property in question as tenants of Olive E. Roxbury who in fact had only a one-third interest in the entire premises. In 1961 defendants paid $4,000 to Olive and obtained a warranty deed for the entire property which had frontage on the shore of Pleasant Lake. Thereafter, believing that they owned the entire fee, defendants gradually over the years made improvements on the property and paid the taxes. Plaintiff, who resides in New Jersey, was and is the owner of the other two-thirds undivided interest. He never came to New Hampshire to view the property until the Fall of 1973, at which time he discovered that the defendants were occupying it and claiming title. Plaintiff brought this petition for partition and thereafter defendants brought a petition for an injunction to restrain plaintiff Roxbury from entering on the premises. After a trial without a jury, the court ordered the property to be sold and that after paying $13,000 to the defendants from the proceeds, which was found to be the fair value of the improvements made by defendants, the balance was to be divided two-thirds to the plaintiff and one-third to the defendants. Plaintiff's exceptions were transferred by *Cann,* J.

When defendants purchased their interest in the property, the building they had been renting, called No. 1, which is nearest to the lake, was found to be located mostly on land owned by one Dwyer. Defendants purchased the Dwyer parcel for $1,000. The original parcel had a frontage on the lake of about 16 feet. The Dwyer property had a frontage of about 50 feet.

There was evidence that in 1961 camp No. 1 consisted of a single room with "no coverings on the inside walls at all and a sagging roof and bulging sidewalls" and that over the years the roof structure and sidewalls were fixed, two bedrooms were partitioned off, the whole camp panelled, the kitchen remodeled, the roof replaced, electric wiring replaced and the ceilings replaced and a screened porch added. The second camp in 1961 according to the testimony was partly a quonset-type building with kitchen, a combination dining and living room, and bedroom. There was evidence that the quonset-type part of the structure was torn down to the floor level and rebuilt providing in the whole structure a bathroom, kitchen, living and sleeping area and a screened porch, with the interior walls covered with plywood or panelling. As to the third camp, there was evidence that it was in "fairly decent shape" but that the panelling was replaced, timbers replaced, a new roof installed, and bathroom added. In addition, grading was done on the land and two docks were constructed. The plaintiff claims the

docks are on the land purchased from Dwyer.

Defendants occupied the property for some thirteen years thinking in good faith that they owned the entire fee. The improvements were made during this period and in these circumstances they were entitled to be compensated for the amount by which the improvements increased the value of the property. *Warner v. Eaton,* 78 N.H. 515, 102 A. 535 (1917); RSA 524:4. The value of the improvements is to be determined as of the time of trial. *Wendell v. Moulton,* 26 N.H. 41 (1852). This can be determined by the difference between the value of the property at the time of trial with the improvements and what it would have been worth at the time of trial without the improvements, that is if the premises had been maintained in their 1961 condition. RSA 524:2, :3; 42 C.J.S. *Improvements* § 11 b (1944); 41 Am. Jur. 2d *Improvements* §§ 29-33 (1968).

The evidence in this case does not support the allowance of $13,000 for the value of the improvements and there must be a new trial. We are also unable to determine what the decree contemplates with respect to the building which is located mostly on the property owned solely by defendants which they purchased from Dwyer which land is not subject to partition.

*New trial.*