352 A.2d 640.

ADELE CASTELLUCCI *vs.* EUGENE CASTELLUCCI.

MARCH 1, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

JOSLIN, J. This petition for a bed and board divorce was commenced by a Rhode Island wife against her Rhode Island husband in March 1972. Before it was heard the husband departed from this state, acquired a permanent residence in the State of Nevada, and was there divorced from his wife on April 18, 1972 without the court in that state having acquired personal jurisdiction over the wife. Thereafter, the wife's petition was reached on the Family Court calendar and a decree, assented to as to form by both parties, was entered on August 2, 1972. That decree recognized the validity of the Nevada divorce, took cognizance of its divesting effect on the Family Court's jurisdiction to grant the wife's petition, and then, after reciting that the parties had entered into a property settlement agreement, set out the terms of that agreement in full. It provided for the disposition of certain real and personal property and for weekly payments by the husband for the support of the wife and the parties' minor child, and it specifically stated that he would pay "* * * all bills owed by the Petitioner up to the maximum sum of $6,700." A subsequent disagreement between the parties on what bills were required to be paid was brought to the court's attention by cross-motions, and on June 28, 1973 a decree was

entered ordering the husband to pay certain specified bills. From that decree the husband appealed.

At the threshold the husband contends that the Nevada divorce which divested the Family Court of jurisdiction to grant the wife's petition also ousted it of jurisdiction to enforce the provision of the property settlement agreement obligating him to pay $6,700 of her outstanding bills. The wife questions the husband's right to raise that issue, arguing that he affronts the Family Court's dignity by contesting its jurisdiction over a subject disposed of by a decree entered with his express assent. That argument, however, runs directly counter to the established principles that jurisdiction over the subject matter is an indispensable requisite in any judicial proceeding, that it can be raised at any stage thereof either by the parties or by the court on its own motion, and that it can neither be waived nor conferred by consent of the parties. *Dutton* v. *Langlois*, 104 R. I. 528, 530, 247 A.2d 86, 87 (1968); *Petition of Loudin*, 101 R. I. 35, 40, 219 A.2d 915, 918 (1966); *McGann* v. *Board of Elections*, 85 R. I. 223, 234-36, 129 A.2d 341, 347-48 (1957).

During oral argument the wife conceded, albeit reluctantly, that under these principles the husband's jurisdictional attack on the Family Court's August 1972 decree or on any subsequent action based upon it was not precluded by his having assented to its entry. She argued, nonetheless, that the husband's jurisdictional challenge was lacking in merit. In urging that position she did not rely on the broad general grant of jurisdiction contained in G. L. 1956 (1969 Reenactment) §8-10-3 for the obvious reason that nothing contained therein would assist her. Instead, she suggested three specific bases any one of which, she asserted, conferred jurisdiction on the Family Court.

One was §15-5-9.[1] That enactment authorizes the Family Court to assign a separate maintenance to a petitioner who has been granted a bed and board divorce. Inasmuch as none was granted here, §15-5-9 does not apply.

Another was the Reciprocal Enforcement of Support Act, G. L. 1956, chapter 11 of title 15, as amended, which we construed in *Rymanowski* v. *Rymanowski,* 105 R. I. 89, 99-101, 249 A.2d 407, 412-13 (1969), to evince a legislative intent that a wife be able to receive support from a spouse who obtained a divorce from a court of a sister state which had no personal jurisdiction over the wife. That right to support, however, is expressly limited by §15-11-5[2] to proceedings instituted under the Act and then only if the wife is over 50 years of age or physically handicapped. But this proceeding was not instituted under the Act nor does

---

[1]General Laws 1956 (1969 Reenactment) §15-5-9 states:

"Divorce from bed, board and future cohabitation, until the parties be reconciled, may be granted for any of the causes for which by law a divorce from the bond of marriage may be decreed, and for such other causes as may seem to require the same; provided, the petitioner shall be a domiciled inhabitant of this state and shall have resided in this state such length of time as to the court in its discretion shall seem to warrant the exercise of the powers in this section conferred. *In case of such divorce the court may assign to the petitioner a separate maintenance* out of the estate or property of the husband or wife, as the case may be in such manner and of such amount as it may think necessary or proper." (Emphasis added.)

[2]General Laws 1956 (1969 Reenactment) §15-11-5 states:

"For the purpose of this chapter, a husband in this state is hereby declared to be liable for the support of his wife if she is over fifty (50) years of age or physically incapacitated and of any child or children under eighteen (18) years of age and any other dependent residing or found in this state or in another state having substantially similar or reciprocal laws, and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter."

anything in the record before us indicate that the wife as the petitioner here qualifies by reason of age or otherwise.

The third was inherent power, and it does not suffice inasmuch as the Family Court is one of statutory creation possessing only those powers specifically conferred upon it by the Legislature. *Johnson* v. *Johnson*, 111 R. I. 46, 50, 298 A.2d 795, 798 (1973); *Rogers* v. *Rogers*, 98 R. I. 263, 267-68, 201 A.2d 140, 143 (1964). Hence, it is powerless to act absent an express grant of authority and there was none here.

The absence of a jurisdictional basis to support the court's action compels the conclusion that the provision of the property settlement agreement ordering the husband to pay $6,700 of the wife's outstanding bills is not enforceable by the Family Court. In reaching this conclusion we have assumed that the husband's obligation under the agreement is construable as "separate maintenance" or "support" within the contemplation of §§15-5-9 or 15-11-5, respectively.

The respondent's appeal is sustained, the decree appealed from is reversed without prejudice, however, to the petitioner's right to seek enforcement of the contested provision of the property settlement agreement in another forum, and the cause is remanded to the Family Court with direction to enter a new decree consistent with this opinion.

Mr. Justice Doris did not participate.

Motion to reargue denied.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Joseph E. Marran, Jr.,* for respondent.