381 A.2d 1049.

DORIS M. TETREAULT *vs.* ROBERT TETREAULT.

JANUARY 9, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.    This is an appeal from a judgment of the Family Court affirming a support order entered by a Master in an action brought under the Uniform Reciprocal Enforcement of Support Act (URESA). General Laws 1956 (1969 Reenactment) §15-11-1 et seq.

On October 29, 1975, the Bureau of Family Support and Domestic Relations of the Department of Social and Rehabilitative Services filed a petiton in the Family Court on behalf of Doris Tetreault pursuant to §15-11-15.[1] The petitioner had been granted a divorce from Robert Tetreault on October 7, 1975, which became final on April 9, 1976. The court, in that action, had approved an award of $30 weekly child support reached by agreement of the parties. The Master in the URESA proceeding found that $70 per week was needed for the support of two minor children and that respondent had both the duty and the ability to meet this need. *See* Section 15-11-5. An order for $70 weekly was entered. The respondent appealed to the Family Court which, after a hearing, affirmed the Master's order.

The respondent contends that the support provisions of the October 7, 1975 decree are final and, under the doctrine of res judicata, may not be disturbed. Therefore, the only question before us is whether, under the doctrine of res judicata, a support order entered pursuant to a divorce proceeding bars a subsequent action for support under URESA.

It is well settled that the support provisions embodied in a divorce decree may be modified, altered, or amended by

---

[1]General Laws 1956 (1969 Reenactment) §15-11-15 provides that the director of social welfare or his designee may petition on behalf of an obligee receiving support from the Department of Social Welfare.

motion where the moving party established a change in the circumstances that existed at the time of the entry of the decree. *Cambra* v. *Cambra,* 114 R.I. 553, 556, 336 A.2d 842, 844 (1975). However, in the instant case, we are not faced with such a motion. The case before us was brought under URESA which creates a right to seek enforcement of a duty to support, separate and apart from an action in divorce. Section 15-11-8.[2]

The provisions under which this action was commenced reflect a broad and important declaration of public policy which we cannot ignore. Additionally, URESA is remedial in nature and should be liberally construed to accomplish the purpose for which it was enacted. *Rymanowski* v. *Rymanowski,* 105 R.I. 89, 101, 249 A.2d 407, 413 (1969).

We recognize that the Family Court is one of statutory creation possessing only those powers specifically conferred upon it by the Legislature. *Castellucci* v. *Castellucci,* 116 R.I. 101, 105, 352 A.2d 640, 643 (1976). However, it is clear from the language of URESA that the Legislature contemplated its application where a divorce action was pending or concluded between the parties, even where, pursuant to that divorce action, provision for child support has been made. Section 15-11-3. Section 15-11-20 additionally provides that monies paid under a URESA order shall be credited against amounts due under the provisions of a divorce decree, and vice versa, thereby insulating the respondent from double liability where both a URESA order and a support order pursuant to a divorce action have been entered. Accordingly, respondent is required to pay $70 weekly. This payment satisfies both the $70 order imposed in the URESA proceeding and the $30 order entered pursuant to the divorce decree.

---

[2]While URESA was originally intended to provide a simplified two-state procedure for the enforcement of support obligations, it may be utilized in intrastate proceedings as well. Section 15-11-17. *Sardonis* v. *Sardonis,* 106 R.I. 469, 470-71, 261 A.2d 22, 23 (1970).

Therefore, the petitioner may proceed under URESA to enforce the support obligations of the respondent in addition to that remedy available to her under state law to enforce the support provisions of a divorce decree. *See Stubblefield* v. *Stubblefield,* 272 S.W.2d 633, 635 (Tex. Civ. App. 1954).

The respondent's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.