401 A.2d 1275.

KARLA J. MAJOR *vs.* JOHN S. MAJOR.

MAY 24, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.  The ligitants (John and Karla) were husband and wife. On August 12, 1976, a final decree of divorce was entered in the Family Court. Later, on December 9, 1977, John, who at that point in time was remarried and had actual physical custody of the two minor children of the first

marriage, filed a petition in the Family Court, asking that the real estate which was once the site of the marital domicile be partitioned by sale and the net proceeds distributed between the litigants. The petition was met by Karla's motion to dismiss, which challenged the Family Court's jurisdiction to entertain a partition petition which was filed after the entry of the final decree of divorce. The trial justice denied the motion and appointed co-commissioners, but then stayed all further proceedings pending our consideration of his denial of the motion to dismiss.

Recently, in *Keidel* v. *Keidel*, 119 R.I. 727, 731, 383 A.2d 264, 267 (1978), we again pointed out that the Family Court's power to partition real estate is exercisable only in those instances where divorce or separation proceedings have been commenced in that tribunal, and we also observed that this power was "ancillary" to the court's divorce jurisdiction. Here, once the final decree was entered, the divorce proceeding was terminated and the matrimonial bond between the parties was severed. From that moment on, the litigants were no longer husband and wife but merely two joint tenants who, like any other joint tenants who are not married to each other, are free to resolve their real estate differences in a partition suit instituted in the Superior Court. *See Castellucci* v. *Castellucci*, 116 R.I. 101, 352 A.2d 640 (1976).

Consequently, Karla's appeal is sustained, the judgment appealed from is vacated, and the cause is remanded to the Family Court with a direction to dismiss the petition without prejudice to John's right to seek recourse in the Superior Court.

*Palmieri & Carr, Dorothy A. Carr,* for petitioner.

*McOsker, Isserlis & Davignon, Milton L. Isserlis,* for respondent.