Joanne K. BOYLS

v.

Albert P. BOYLS.

No. 82–12–Appeal.

Supreme Court of Rhode Island.

July 21, 1983.

Howard I. Lipsey, Providence, for plaintiff.

Eugene F. Toro, Toro Law Associates, Inc., Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal by Joanne K. Boyls (plaintiff) from a Family Court decree holding her in contempt for proceeding with a partition suit in violation of an injunction issued by a Family Court justice.

On August 10, 1973, Joanne filed a petition in the Family Court seeking a divorce from her husband, Albert P. Boyls (defendant). The Family Court entered a decree on February 19, 1974, ordering defendant to pay temporary child support to plaintiff. Subsequently, plaintiff left Rhode Island and took up residence in Illinois. The de-

fendant filed a motion to adjudge plaintiff in contempt. In an order entered on January 7, 1975, the Family Court terminated the support award, vacated the order giving plaintiff the temporary exclusive use of the home, and awarded defendant the temporary exclusive use of the home.

Thereafter, plaintiff filed a complaint in the Nineteenth Judicial Circuit Court in Lake County, Illinois, requesting a divorce from Albert. According to the decree entered on March 1, 1976, defendant had entered a special limited appearance to contest the jurisdiction of the Illinois court, but he had subsequently defaulted for failure to appear or answer. The court determined that it had jurisdiction over the subject matter and the parties and that plaintiff had been an Illinois resident for more than one year prior to the filing of the complaint. Finding that defendant was guilty of the wrongful acts alleged in plaintiff's divorce complaint, the Illinois court dissolved the marriage, awarded sole custody of the children to plaintiff, gave defendant visitation rights, and ordered him to pay child support.

On June 3, 1977, defendant filed a cross-petition in the Family Court requesting a divorce from plaintiff, reasonable visitation rights, and an order restraining her from taking any action to partition the Rhode Island property owned by them. The Family Court justice entered an order on November 14, 1977, enjoining plaintiff from proceeding with any action with regard to the property.

Despite this order, plaintiff proceeded with a partition action in the Superior Court, alleging that she and defendant had purchased the property in question as joint tenants and that an Illinois court had granted them a divorce. She requested that the court partition and sell the property, and order an accounting of the proceeds.

On January 25, 1978, defendant filed a motion to adjudge plaintiff in contempt of court on the grounds that she had proceeded with a partition suit in violation of the restraining order. After a hearing on the contempt order, a Family Court justice entered an order on April 12, 1978, finding plaintiff in contempt of court for violating the restraining order. The Family Court justice continued the matter in order for the court to determine how she could purge herself of the contempt charge.

On April 13, 1978, plaintiff filed a motion seeking to vacate the November 14, 1977 restraining order on the basis that the Family Court no longer had jurisdiction over the parties because of the Illinois divorce. In addition, she filed a motion to dismiss the pending Family Court action between the parties on the same basis.

Following a hearing and after reviewing submitted legal memoranda, the Family Court justice issued a decision affirming the finding of contempt and denying plaintiff's motion to dismiss. Reasoning that the principle of priority of jurisdiction applied, the Family Court justice determined that the Family Court had exclusive jurisdiction and that therefore the court did not have to give full faith and credit to the Illinois divorce. Moreover, he held that the jurisdiction issue was never fully litigated and thus could be collaterally attacked.

The plaintiff contends that the Family Court justice erred in refusing to accord full faith and credit to the Illinois divorce decree both in finding her in contempt and in denying her motion to dismiss. We agree in part.

 It is necessary for us to determine whether plaintiff may collaterally attack the judgment of the Family Court finding her in contempt. Generally, on review of a judgment of civil contempt a party is not permitted to raise in defense of his or her alleged misconduct that the court erred in entering the order. *Hartt v. Hartt,* 121 R.I. 220, 224–25, 397 A.2d 518, 521 (1979); *see Menard v. Woonsocket Teachers' Guild—AFT 951,* 117 R.I. 121, 129, 363 A.2d 1349, 1354 (1976). However, subject to certain exceptions not pertinent here, a party charged with contempt for violating a court order may defend a disregard of that order

by establishing that it was void for jurisdiction. *Hartt v. Hartt,* 121 R.I. at 225, 397 A.2d at 521. The plaintiff maintains that the Illinois decree divested the Rhode Island Family Court of jurisdiction to enter the restraining order. Thus, the contempt order is subject to collateral attack.

Contrary to the reasoning of the Family Court justice, the pendency of a divorce petition in Rhode Island does not preclude one of the parties from instituting another divorce action in a foreign state.[1] *Bouchard v. Bouchard,* 119 R.I. 656, 663, 382 A.2d 810, 814 (1978); 3 Nelson, *Divorce and Annulment,* § 33.04 at 429 (2d ed. 1945). Moreover, a valid foreign ex parte divorce divests the Family Court of jurisdiction over a Rhode Island divorce petition pending at the time the foreign divorce is entered. *See Castellucci v. Castellucci,* 116 R.I. 101, 103–05, 352 A.2d 640, 641–42 (1976). Furthermore, once the Family Court's jurisdiction over a divorce proceeding has ended, the court is without authority to partition real estate; that power resides in the Superior Court. *Major v. Major,* 121 R.I. 581, 582, 401 A.2d 1275, 1276 (1979); *Keidel v. Keidel,* 119 R.I. 726, 731–32, 383 A.2d 264, 266–67 (1978).

Thus, the sole issue is whether the ex parte Illinois divorce decree was valid and therefore entitled to full faith and credit. *See Rymanowski v. Rymanowski,* 105 R.I. 89, 93–94, 249 A.2d 407, 409 (1969) (citing *Williams v. North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942)). Because it was alleged that the Illinois decree was entered without defendant's having litigated the Illinois Court's jurisdictional basis, he was permitted to have the Rhode Island Family Court determine that issue. *See Rymanowski v. Rymanowski,* 105 R.I. at 94, 249 A.2d at 409 (*citing Williams v.*

*North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945)). The Family Court justice, however, never reached the jurisdictional issue because he denied the Illinois decree full faith and credit, relying upon the principle of priority of jurisdiction in courts of concurrent jurisdiction. It is apparent from our discussion earlier that the Family Court justice was mistaken in his reasoning. Thus, it is necessary for us to remand the case back to the Family Court for a hearing on the jurisdictional basis of the Illinois divorce decree and to determine whether the Illinois decree should be afforded full faith and credit.[2] If the Illinois court did not have jurisdiction to enter the decree, then the decree did not divest the Family Court of its jurisdiction to enter the injunction.

The plaintiff's appeal is sustained in part; the decree appealed from is vacated; and the case is remanded to the Family Court for a determination of the jurisdictional basis of the wife's foreign ex parte divorce.

---

1. The Family Court does have the power to issue an injunction enjoining a person over whom it has jurisdiction from beginning a foreign divorce action. *Brown v. Brown,* 120 R.I. 340, 343, 387 A.2d 1051, 1053 (1978); 3 Nelson, *Divorce and Annulment,* § 33.06 at 432–36 (2d ed. 1945). This power should be used sparingly and only when warranted by the equities.

*Brown v. Brown,* 120 R.I. at 344–45, 387 A.2d at 1054. Here, however, Albert did not seek injunctive relief.

2. The record is unclear as to whether the jurisdictional issue was ever litigated in Illinois. This should be a subject of inquiry on remand.