Patricia A. KAY

v.

Robert G. KAY.

No. 81–187-Appeal.

Supreme Court of Rhode Island.

April 11, 1984.

J. Ronald Fishbein, Providence, for petitioner.

Jerry L. McIntyre/William R. Landry, Edwards & Angell, Providence, for respondent.

## OPINION

SHEA, Justice.

This case is before us on appeal by the petitioner from the decision of the Family Court on a motion to modify child support and a motion to determine arrearage. The trial justice suspended the respondent's obligation to pay child support and determined that credit should be given to him toward the arrearage. He ordered the petitioner to dismiss two Superior Court actions in which she attempted to collect on a judgment for past-due child support.[1] The petitioner on appeal challenges the credit given the respondent against the arrearage and the trial justice's order to the petitioner to dismiss her Superior Court actions. We affirm.

Patricia Kay (petitioner) and Robert Kay (respondent) were divorced by a final decree entered on April 17, 1970.[2] The respondent was ordered to pay petitioner $300 per month for support of their three minor children. Child-support arrearage that accrued during the period from 1970 to 1977 was the subject of prior litigation that culminated in this court's decision in *Lippman v. Kay*, R.I., 415 A.2d 738 (1980). The petitioner's judgment of $34,850 was affirmed in that case and is not in dispute here.

The procedure giving rise to the instant case began in January 1977 when petitioner sought to have respondent adjudged in contempt and sought judgment in the amount of the accumulated arrearages. The respondent, through counsel, entered his appearance in the case. He filed a motion to modify the 1970 decree and to determine arrearage. Hearings were held on respondent's motion in 1980 and 1981.

While the motions were pending in Family Court, petitioner had respondent served with process in two Superior Court actions in which she sought a debt on judgment for child-support arrearage. The trial justice, after hearing, found that petitioner was harassing respondent and interfering with the operations of the proceedings in Family Court. He temporarily restrained petitioner from taking any action against respondent in the Superior Court while the Family Court hearings were in progress. Because petitioner continued to violate this order, the trial justice ordered her to dismiss the two Superior Court cases.

After hearings on the motion to modify and determine arrearage, the trial justice found that the total child-support obligation for the period of April 1977 to January 1980 was $10,200.[3] The respondent was given credit totaling $9,469 for various amounts expended during this period. This included payment of private school tuition for one child, direct payments to petitioner for child support, expenses incurred while respondent had custody of one of the children, and payments made on behalf of one of the children involved in a car accident.

The trial justice further found that petitioner's standard of living greatly exceeded that of respondent's, that she had the ability to contribute substantially to the support of her daughters, and that there was a drastic change of circumstances in respondent's income and expenses such that he no longer had the ability to pay child support. The judge therefore modified the 1970 decree and suspended the order for child support retroactive to January 1980. This ruling was not appealed.

The petitioner raises two issues on appeal: whether the trial justice abused his discretion in giving respondent credit for

---

1. Whereas the Family Court order directed petitioner to dismiss Superior Court actions No. 80–125 and No. 80–2218, the actual Superior Court case numbers are 80–158 and 80–2218.

2. Both parties have remarried since the 1970 divorce. The former Mrs. Kay is now known as Mrs. Patricia Lippman.

3. The respondent's motion to modify the 1970 decree was reinstated in January 1980, and therefore, the trial justice held that a determination of child-support arrearage for the period 1977 to 1980 would be according to the 1970 decree without any modification.

money he had paid out for the benefit of the minor children and whether the trial justice exceeded his power in ordering petitioner to dismiss two Superior Court actions.

I

The parties agree that between April 1977 and January 1980 respondent incurred a child-support obligation of $10,200 and that he made a total of $9,469 in payments for the benefit of the minor children. The sole point of dispute is whether the payments made directly in support of the children, as opposed to payments to the wife for the children's support, can be credited against the child-support obligation.

In determining arrearage, the trial justice had to construe and interpret the 1970 final divorce decree. He had the discretion to consider money that the noncustodial parent expended for the children's support during the period in question. *See e.g., Frazier v. Rainey,* 227 Ga. 350, 180 S.E.2d 725 (1971).

The 1970 final decree required respondent "to pay to the petitioner for the support of the three minor children * * * the sum of $300.00 per month." The trial justice determined that respondent, between 1977 and 1980, "paid for the benefit of the minor children of the parties the sum of $9,469.00." The respondent's expenditures were almost all made with the consent and at the request of petitioner. The amount included money that respondent had paid out for educational and medical expenses and for necessities arising while respondent had custody of one of the children. The trial justice concluded that the purpose of the decree—the support of the children in the amount of $300 per month—was in effect carried out and that therefore respondent should not be required to pay to petitioner additional amounts.

The petitioner relies on *Klimasewski v. Klimasewski,* 91 R.I. 308, 162 A.2d 549 (1960), for the proposition that the Family Court was without authority to give respondent credit for the amounts he had spent on the children against the amount owed directly to petitioner pursuant to the 1970 final decree. This court in *Klimasewski* stated that the trial justice was not permitted to credit the father, who had been adjudged in contempt, with money he had spent to support the minor children in some manner not set forth in the decree. To do so, the court held, would be to modify the decree retroactively, which modification was prohibited by statute at that time.[4] *Id.* at 311–12, 162 A.2d at 551.

The action by the trial justice in this case, however, does not constitute retroactive modification. The petitioner filed a motion in January of 1977 for a determination of the arrearages due under the 1970 decree. A determination of the support obligation from that point on would not constitute retroactive action. Any determination from that point on, including a determination of credit to be given to respondent, would have been prospective because the court's final order on arrearage reverted back to the date of petitioner's filing. The holding in *Klimasewski,* therefore, is not applicable because the prohibited action leading the court to deny respondent's request for credit (that is, retroactivity) is not present in the instant case.

We are of the opinion that the trial justice acted within his discretion in giving credit to respondent for money he had expended for the benefit of the minor children.

II

During the Family Court hearings on this case, respondent, who resides in New Jersey, was present in the state solely to attend the hearings. He was served with

---

4. The Family Court is no longer prohibited from retroactively modifying a decree; therefore, the rule enunciated in *Klimasewski* is no longer applicable. General Laws 1956 (1981 Reenactment) § 15–5–16.2, as amended by P.L.1981, ch. 320, § 1. This amendment, however, was not in effect at the time the Family Court entered its final order in the present case.

legal process in cases petitioner had filed in the Superior Court. Her actions continued despite the court's temporary restraining order prohibiting her from serving respondent while he attended the Family Court hearings. The trial justice found that petitioner was harassing respondent and interfering with the orderly operation of the Family Court. He stated,

> "there's no doubt in my mind whatsoever, but that you're harassing this respondent, no doubt in my mind whatsoever * * * [t]he harassment is quite evident."

The trial justice, in his final decree, ordered petitioner to dismiss two Superior Court cases that she had filed in seeking judgments on child-support arrearage.

 Arrearages for child support can be collected in a number of ways: through contempt proceedings in Family Court, by an execution for failure to comply with the decree, or by an action at law in the nature of a debt on judgment. *Lippman v. Kay,* R.I., 415 A.2d at 741; *Silva v. Silva,* R.I., 404 A.2d 829, 831–32 (1979). The aggrieved party is allowed to pursue parallel actions through any of these means in different courts. *Lippman v. Kay,* R.I., 415 A.2d at 741. However, the right to bring various actions does not carry with it the right to harass another party or to interfere with the operations of the Family Court.

 According to G.L.1956 (1969 Reenactment) § 8–10–38, the Family Court has the "power to enter such judgments, decrees and orders * * * as may be necessary or proper to carry into full effect all the powers and jurisdiction * * * conferred upon [it]." *See* § 8–6–1. The power to ensure the orderly operation of the Family Court through necessary orders is ancillary to the court's statutory jurisdiction. The trial justice unequivocally found that the petitioner was harassing the respondent and defying his order to forgo temporarily the service of process in the Superior Court on the respondent while he attended the Family Court hearings. He was therefore acting within his general powers and jurisdiction to ensure the orderly operation of the Family Court proceedings.

For the reasons stated, the petitioner's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Family Court for further proceedings.