**Philippe X. POISSON**

v.

**Yvonne M. POISSON.**

**No. 83-529-Appeal.**

Supreme Court of Rhode Island.

Nov. 14, 1986.

Philippe X. Poisson, pro se.

Alan T. Dworkin, Dworkin & Brady, Warwick, for defendant.

## OPINION

KELLEHER, Justice.

The litigants, Philippe and Yvonne, were once husband and wife. Their matrimonial bond was severed in late May 1971 with the entry of a final decree of divorce in the Family Court. The issue before us is the disposition of the matrimonial domicile, which is situated in the town of Cumberland on Cook Street. At the time of this litigation title to the property was in both litigants as joint tenants. In early January 1975 Yvonne filed a petition in the Superior Court asking that the Cook Street property be partitioned by sale with the net proceeds to be distributed between her and Philippe.

A motion was made by Philippe's counsel to transfer the partition suit to the Family Court. The transferral motion was granted in October 1975, and no appeal was taken from this disposition.[1]

After a hearing in the Family Court, the trial justice found that the fair market value of the couple's real estate had increased from the time of its original purchase in 1962 from $5,500 to a present value of $45,000.

The trial justice further placed special emphasis on the fact that the final decree awarded Philippe permanent use of the matrimonial domicile and treated this award as the equivalent of a life estate. Consequently, at trial he accepted testimony given as to the present value of Philippe's life estate by a witness using a table of present values that were to be found in an 1882 publication, as well as a 1976 life-expectancy table published by the United States Department of Health, Education, and Welfare.

The value of Philippe's life estate ranged from just over $25,000 to up close to $35,000. At trial Philippe had testified as to the many improvements made through the years to the couple's residence, including the installation of a cement walk and patio, a retaining wall, storm windows, and a fireplace. He estimated that the cost of the materials used in making these improvements was approximately $1,600.

In granting Yvonne's request for partition, the trial justice ruled that any disposition of the proceeds of any sale would have to take into consideration the value of Philippe's life estate, as well as giving him a $6,000 credit for the improvements he had effectuated during the time marital bliss reigned supreme at the Poisson domicile.

Nobody quarrels with the findings made by the trial justice as to the fair market value of the property; however, Yvonne certainly takes issue with the trial justice's life-estate theory and his $6,000 credit to Philippe for the work he did around the house. Yvonne refuses to accept the trial

1. The trial justice's order preceded our holding in *Major v. Major*, 121 R.I. 581, 401 A.2d 1275 (1979), which states that the Family Court's jurisdiction to exercise its ancillary powers of partition in divorce matters terminates with the entry of the final decree of divorce. At that point the litigants who were once husband and wife are then free, like any other joint tenants, to resolve their partition disputes in the Superior Court. Although Yvonne had instituted an independent civil action for a partition in the Superior Court, when the case was transferred to the Family Court, the Superior Court file was incorporated within the divorce proceeding in which Philippe was the petitioner and Yvonne the respondent. Thus, the title of this case is *Philippe X. Poisson v. Yvonne M. Poisson.*

justice's computations, particularly those that would indicate that her share of a $40,000 selling price would be $12,386.

■ The life-estate concept composed by the trial justice preceded our consideration of *Frazier v. Frazier,* 472 A.2d 1227, 1231 (R.I.1984), where the final decree of divorce awarded permanent use of the marital domicile to the wife. There we said that the permanent use proviso did not create a life estate as the wife contended, but did create "an impediment" to the Superior Court's taking any definitive action in the partition action. In such circumstances we said a Superior Court justice had two choices: either (1) to dismiss the complaint without prejudice, leaving the litigants to return to the Family Court for a modification of the permanent use portion of the divorce decree or (2) to defer any action in the Superior Court pending an application by the plaintiff for relief in the Family Court from the life-estate impediment. Here, Yvonne should be given the opportunity to seek relief from the incumbrance on title presented by the award of permanent use of the domicile property to Philippe.

■ Yvonne also faults the $6,000 award, complaining that it is totally lacking in any evidentiary support. We agree.

Before the turn of the century this court, in *Moore v. Thorp,* 16 R.I. 655, 657, 19 A. 321, 322 (1889), in commenting on the various positions taken by litigants in a partition suit emphasized that when a joint tenant has made improvements which enhance the value of the estate, the cotenants should not be able to take advantage of this increased value for which they have contributed nothing. Similar sentiments have been expressed in *Roxbury v. Willey,* 116 N.H. 27, 351 A.2d 69 (1976), *Quillen v. Tull,* 226 Va. 498, 312 S.E.2d 278 (1984), and 2 Tiffany, *The Law of Real Property* § 479.1 at 221–22, (1986 Cum.Supp.), all of which emphasize that although a joint tenant is entitled to compensation for improvements made to the property, compensation is limited to the enhanced value of the property rather than the cost of the improvements.

There is a complete absence of any competent evidence that would support the $6,000 credit called for in the trial justice's decree.

Yvonne's appeal is sustained, and the decree appealed from is vacated. The case is remanded to the Family Court where Yvonne can seek removal of the award of permanent use given Philippe. If the so-called impediment is removed, the case will then be transferred to the Superior Court for further proceedings. If the impediment is allowed to remain, the case will be transferred to the Superior Court for an entry of an order of dismissal of Yvonne's suit.

