**Marlene D. BRIGGS**

v.

**Anthony PERRY.**

**No. 97–147–Appeal.**

Supreme Court of Rhode Island.

March 27, 1998.

Monica Horan, Pawtucket.

Gregory S. Dias, East Providence.

### ORDER

This case came before a panel of the Supreme Court on March 17, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Anthony Perry, appealed from a Family Court order granting the motion of the plaintiff, Marlene D. Briggs, for reimbursement of child support. After hearing the arguments of counsel for the parties and reviewing their memoranda, this Court concludes that cause has not been shown, and the case will be decided at this time.

The parties were divorced in 1979. They had three minor children at the time the final judgment of divorce was entered, and defendant was ordered to pay $75 per week for the children's support. The defendant subsequently fell into arrears and was ordered by the Family Court in 1987 to pay $50 per week plus $25 per week as payment on the outstanding arrearage. The Family Court also ordered defendant to resume paying $75 a week for support once the arrearage was paid in full. The defendant, perhaps due to the oversight of the garnishing agent who was forwarding the payments, paid only $50 a week once the initial arrearage was remitted and thus fell into arrears again.

On September 28, 1993, defendant filed a motion to terminate the support payments because the parties' youngest child had reached the age of majority. That motion was granted effective November 18, 1993. Sometime later, however, confusion developed about whether defendant may have made overpayments. Following a full accounting by the Family Court bookkeeper, it was determined that defendant was actually in arrears $4,208. On January 28, 1997, the matter was heard by a justice of the Family Court who then ordered defendant to pay plaintiff $4,208.

Pursuant to G.L.1956 § 14–1–52(b), this Court reviews orders concerning modification of child support only by writ of certiorari. There is no right to a direct appeal from the Family Court order at issue here, and therefore this case is not properly before this Court, thus precluding review of this case on the merits.

We do note, however, that although defendant moved successfully for a termination of the support order in November 1993, he did not file any motions to modify the support as each of his children reached majority. His contention that the support payments should have terminated on a pro rata basis as each child turned eighteen is therefore without merit. Child support orders are not self-terminating. *Calcagno v. Calcagno,* 120 R.I. 723, 391 A.2d 79, 82 (1978). The defendant continued to be obligated to provide $75 a

week until the support order was terminated by the Family Court.

The defendant's argument that this result is in contravention of G.L.1956 § 15–5–16.2(b) and untenable under our holding in *Adam v. Adam*, 624 A.2d 1093 (R.I.1993), is similarly unavailing. The parties' youngest child did not turn nineteen until January 12, 1994, two months after the effective date of the order terminating defendant's support obligations, and the Family Court therefore did not exceed its statutory authority in awarding the arrears to plaintiff.

Accordingly, we deny and dismiss this appeal and sustain the judgment of the Family Court, to which the papers in this case may be returned.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.